**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4737-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

WARREN C. DAVIS, a/k/a
CHRISTOPHER DAVIS, WARREN
DAVIS, JR., CHRISTOPHER
C. DAVIS, WARREN JOHNSON,
PUDGE, CHRISTOPHER JOHNSON,
BRIAN SCOTT, TERON STANBACK,
and CHRISTOFER JOHNSON,

    Defendant-Appellant.

_____

Submitted November 8, 2018 – Decided November 29, 2018

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 11-12-1199.

Joseph E. Krakora, Public Defender, attorney for appellant (Lee March Grayson, Designated Counsel, on the brief).

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent (Monica A. Bullock and Dana R. Anton, Senior Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Warren Davis appeals from a June 2, 2017 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

This appeal arises from the unique procedural history of defendant's PCR petition. The PCR judge originally denied the petition on March 2, 2015. We affirmed the decision pursuant to Rule 2:8-3(b), but the Supreme Court summarily remanded the matter to the PCR judge to make findings of fact and conclusions of law on all of defendant's PCR claims. State v. Davis, No. A-4053-14 (App. Div. July 20, 2016); and State v. Davis, 228 N.J. 92 (2016).

We repeat the facts as previously recounted in our prior decision because they remain unchanged. We summarized the facts as follows:

> On May 9, 2011, defendant entered a bank, drew an automatic weapon, told the bank tellers to "get down," and left the bank with an unspecified amount of money. On December 7, 2011, he was indicted for robbery, conspiracy, theft and several weapons offenses. At the pretrial conference held on October 15, 2012, the judge informed defendant that he was potentially facing a maximum sentence of [one hundred and sixteen and one half] years if convicted on all counts. She noted that the State had offered a plea deal

of ten years subject to the No Early Release Act (NERA) and that defendant had counter-offered five years. She informed defendant that if he rejected the State's plea offer she could impose a more severe sentence and that no further negotiations could be conducted after the pretrial conference. Defendant did not accept the offer on that date.

On the trial date, . . . defendant entered an open plea to first-degree robbery in violation of N.J.S.A. 2C:15-1, in exchange for the State dismissing the remaining charges. During the plea hearing, the following colloquy took place between the judge and defendant:

> THE COURT: This robbery is a first-degree offense, and it carries with it a maximum penalty of 20 years incarceration and/or a $200,000 fine; do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: This is an open [p]lea, sir.
>
> THE DEFENDANT: Yes.
>
> THE COURT: Meaning what will happen is if I accept the [p]lea, I will order a Pre-Sentence Report. That Pre-Sentence Report will give me background information concerning your criminal history, your educational history, where you've lived, whether you've had any drug and alcohol rehabilitation, whether you have any medical problems. It will also give me a summary of the allegations in

3

this case, of what the State contends happened here.

There will also be a part of that Pre-Sentence Report where you'll be able to share with the investigator . . . anything that you know in reference to the allegation of this robbery.

Also, I will invite both counsel to write a Sentencing Memorandum, where they'll be able to share information. Your attorney would be able to share information concerning your background. Any letters that you may have anyone write for the [c]ourt to consider.

I will listen to any statement that you make at sentencing. I also will have the opportunity to listen to any statements of the victims at time of sentencing.

The State will submit their Sentencing Memorandum, and their recommendation to the Court. After reviewing all of that, after listening to the arguments of counsel, after having heard any statement that you wish to make at the time of sentencing; I will sentence you according to what I find the appropriate sentence to be; you understand that?

THE DEFENDANT: Yes, ma'am.

. . . .

Do you have any questions concerning what an open [p]lea is, sir?

THE DEFENDANT: No, ma'am.

> The court accepted defendant's plea, and sentenced him to twelve years subject to NERA. We affirmed the sentence on an excessive sentencing calendar.
>
> [Davis, slip op. at 1-3.]

In defendant's PCR petition, he argued his counsel was ineffective because he represented to defendant he would receive a ten-year term under the open plea. Defendant also claimed an ineffective assistance of counsel because his counsel failed to: review discovery and discuss trial strategies; file a pre-trial Wade[1] motion; conduct an adequate investigation; and secure character witnesses for the sentencing.

In our prior decision, we noted the PCR judge denied defendant's petition because he failed to establish a prima facie case of ineffective assistance of counsel. Id. at 3. We affirmed the PCR judge's decision because defendant's claims were bald assertions and did not establish ineffective assistance of counsel. Id. at 5.

---

[1] United States v. Wade, 388 U.S. 218 (1967).

A-4737-16T4

On remand from the Supreme Court, defendant repeated his arguments and claims of ineffective assistance of counsel. After considering the parties' submissions and oral argument, the PCR judge found as follows:

> The Court has fully addressed the issues of the open plea during the colloquy that was conducted in this matter at the time that I accepted the plea, and . . . that has been reviewed, and the . . . Supreme Court, did not remand on that specific issue regarding the colloquy that was done at the time . . . the plea was accepted.
>
> There's also [defendant's claim] that trial counsel was ineffective for failing to review discovery with the defendant, and for failing to review and discuss trial strategy. Well, in reference to . . . counsel properly advising the defendant of the penal consequences of accepting the plea, I believe defendant's counsel's conduct was not so egregious that the result was unjust, because both the attorneys affirm that, and I asked in the plea colloquy, whether the defendant's plea was entered into willingly, knowingly, and intelligently. And I specifically told the defendant in entering that open plea that it was possible that I would render a sentence that would be less favorable than the one he had negotiated.
>
> In reference to trial counsel's review of discovery and trial strategy, defense counsel was not so egregious that the result was unjust, because both the attorney and the defendant affirmed when I asked whether he believed that he had received sufficient time to speak with his attorney, . . . [a]nd he indicated to me . . . yes. And I asked that before I accepted the plea.
>
> The defendant's present claim that he would like more time to review the discovery runs counter to his

A-4737-16T4

response to me at the time that I received the plea that he had had enough time to speak with his attorney about the plea negotiations.

Defendant also raised that trial counsel was ineffective for failing to file a pre-trial [Wade] motion . . . . In other words, he asserts that failing to file a pre-trial identification motion to question the circumstances underlying the defendant's . . . subsequent identification in this case should have been file[d] according to his argument prior to the plea itself, or at time of trial so that he had the benefit of hearing whether there should have been a [Wade] motion or identification pre-trial motion.

The identification in this matter was made by the defendant's mother. Counsel . . . did not file a [Wade] motion, but I do not find that to be ineffective assistance of counsel since the witness was the defendant's mother. And she did, in fact, approach the Gloucester County Prosecutor's Office with information that her son was connected with the robbery.

In this situation, law enforcement procedures did not require that there be a lineup between mother and son, since she was the identifying witness . . . . Now, there was another witness that claimed that he knew the defendant, I believe.

. . . [T]he next argument of the defendant is that trial counsel was ineffective for failing to conduct a thorough investigation into potential witnesses for the defense.

The facts in this case show that the [S]tate proposed that defendant . . . receive a [twenty] year sentence. The defendant ultimately received initially

[thirteen], and this Court then later reduced it to [twelve].  And that's not an unjust result, because one could deduce that trial counsel's submissions helped to . . . produce a result that would be favorable to the defendant at this sentencing stage.

I did have the opportunity to review . . . the post-trial memorandum and information submitted, and I actually reduced it.  I did not follow the [twenty] year recommendation of the [S]tate and initially gave [thirteen], later reducing to [twelve].

In fact, the defendant's mother, having approached the prosecutor's office with information the defendant was involved in the robbery, . . . was evidence that would likely have proved extremely damaging at trial to the defendant and may have led to an outcome that was worse than what was actually rendered in this case.

Now, even though the defendant claims that counsel was ineffective for failing to conduct a thorough investigation, I have not received information . . . the indication was that he failed to investigate statements specifically from . . . his mother, and from the defendant's friend . . . , both of which had given statements to the prosecution.  And the indication is that trial counsel failed to actively conduct an investigation, and that was a result of his strategic decision of how to proceed in the matter.

. . . [T]rial counsel did not send an investigator to obtain statements from those witnesses, but there were statements . . . that the [S]tate had received from them. His indication was that . . . both of those witnesses wished to recant their statements.  But at this point, . . . there's no indication of a statement by those witnesses

actually recanting. It's his representation that they recanted statements themselves.

The defendant also claims ineffective assistance of counsel . . . would require . . . [an] evidentiary hearing. I do find the defendant has failed to offer any concrete proof of his allegations of the recanting of those two witnesses. The record shows . . . that those witnesses had given statements that had been received by the [S]tate and shared in the course of discovery that were to the contrary.

So, I do not find that there was ineffective assistance of trial counsel in failing to file motions for a pre-trial discovery suppression since the two witnesses that were the identifying witnesses, in fact, were people that knew the defendant.

Failing to share discovery — and although he indicated that he did receive the discovery and had the opportunity to review it just prior to the jury coming in, it's noted that this defendant pled guilty on the day of trial, and that prior to jury voir dire he entered into his open plea to the [c]ourt. And he had received the discovery prior to that point, although he's claiming that it was not a lot of time between when he received the . . . opportunity to review the discovery and when he entered the plea.

He also indicates that there was a failure to produce character letters. And although character evidence alone may be enough, if a jury so finds, to determine whether a defendant is guilty or not guilty [of] a crime charged, character evidence does place the defendant's character at issue, which would then be subject to examination by the [S]tate, and challenges by the [S]tate as well.

This appeal followed. Defendant repeats the claims raised before the PCR judge, which are as follows:

> POINT I – THE ORDER DENYING POST-CONVICTION RELIEF SHOULD BE REVERSED AND THE CASE REMANDED FOR A FULL EVIDENTIARY HEARING BECAUSE THE DEFENDANT MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF COUNSEL UNDER THE STRICKLAND/FRITZ TEST.
>
> > A. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE "GUARANTEED" THE DEFENDANT THAT IN EXCHANGE FOR AN OPEN PLEA TO FIRST-DEGREE ROBBERY, A TEN[-]YEAR PRISON TERM WOULD BE IMPOSED.
> >
> > B. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO PROVIDE THE DEFENDANT WITH COMPLETE DISCOVERY, REVIEW THE DISCOVERY WITH THE DEFENDANT OR DISCUSS TRIAL STRATEGY.
> >
> > C. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO FILE A PRETRIAL WADE MOTION TO CHALLENGE THE ADMISSIBILITY OF THE ALLEGED OUT-OF[-]COURT IDENTIFICATION OF THE DEFENDANT.
> >
> > D. TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO CONDUCT AN ADEQUATE INVESTIGATION.

E.   TRIAL COUNSEL WAS INEFFECTIVE BECAUSE HE FAILED TO PRESENT CHARACTER WITNESSES ON BEHALF OF THE DEFENDANT AS MITIGATION AT TIME OF SENTENCING.

I.

To establish ineffective assistance of counsel, defendant must satisfy a two-prong test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.
>
> [State v. Fritz, 105 N.J. 42, 52 (1987) (quoting Strickland, 466 U.S. 668, 687 (1984)).]

Counsel's performance is evaluated with extreme deference, "requiring 'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . .'" Fritz, 105 N.J. at 52 (alteration in original) (quoting Strickland, 466 U.S. at 688-89). "To rebut that strong presumption, a [petitioner] must establish . . . trial counsel's actions did not

11

equate to 'sound trial strategy.'" State v. Castagna, 187 N.J. 293, 314 (2006) (quoting Strickland, 466 U.S. at 689). "Mere dissatisfaction with a 'counsel's exercise of judgment' is insufficient to warrant overturning a conviction." State v. Nash, 212 N.J. 518, 542 (2013) (quoting State v. Echols, 199 N.J. 344, 358 (2009)).

To demonstrate prejudice, "'actual ineffectiveness' . . . must [generally] be proved[.]" Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 692-93). Petitioner must show the existence of "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. (quoting Strickland, 466 U.S. at 694). Indeed,

> [i]t is not enough for [a] defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test . . . and not every error that conceivably could have influenced the outcome undermines the reliability of the result of the proceeding.
>
> [Strickland, 466 U.S. at 693 (citation omitted).]

To sustain this burden, defendant must articulate specific facts to "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). The trial judge must view the facts alleged in the light

most favorable to defendant. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing State v. Preciose, 129 N.J. 451, 462-63 (1992)).

Defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid.; see also Rule 3:22-10(b). A PCR judge should grant evidentiary hearings only if a defendant has presented a prima facie claim of ineffective assistance of counsel. Preciose, 129 N.J. at 462. To do so, defendant "must allege facts sufficient to demonstrate counsel's alleged substandard performance," Cummings, 321 N.J. Super. at 170, and "must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158 (1997) (citing Preciose, 129 N.J. at 463). "If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled to post-conviction relief, . . . or that the defendant's allegations are too vague, conclusory, or speculative to warrant an evidentiary hearing, . . . then an evidentiary hearing need not be granted." Ibid. (citations omitted); see also Rule 3:22-10(e).

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373

(App. Div. 2014) (citing State v. Harris, 181 N.J. 391, 420-21 (2004)). Thus, if warranted, we may "conduct a de novo review of both the factual findings and legal conclusions of the [trial] court[.]" Harris, 181 N.J. at 421 (emphasis omitted).

Regarding investigations made by defense counsel, the Supreme Court has stated "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary[,]" and the failure to do so may "render the lawyer's performance deficient" and support a claim of ineffective assistance of counsel. State v. Porter, 216 N.J. 343, 353 (2013) (alteration removed) (internal citations omitted). However, to establish such a claim, a defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170 (citing Rule 1:6-6). Absent a statement by the witness of the facts he or she would have presented if called to testify, there is no basis to analyze how the trial outcome would be affected. Ibid.

"A Wade hearing is required to determine if the identification procedure was impermissibly suggestive and, if so, whether the identification is reliable." State v. Micelli, 215 N.J. 284, 288 (2013). However, "there is no automatic

entitlement to an evidentiary hearing on an out-of-court identification." State v. Ruffin, 371 N.J. Super. 371, 391 (App. Div. 2004) (citing Watkins v. Sowders, 449 U.S. 341 (1981)). The trial court should order a Wade hearing only when a defendant "can show some evidence of suggestiveness." State v. Henderson, 208 N.J. 208, 218 (2011).

On appeal, defendant argues he established a prima facie case of ineffective assistance by his trial counsel warranting an evidentiary hearing. Defendant argues his attorney had guaranteed him a ten-year sentence, which he relied upon to enter into an open plea. He claims that because he received a greater sentence, his plea was not knowing. He contends the judge did not explain an open plea could result in more than ten years of incarceration.

Defendant argues his defense counsel did not obtain DVD evidence of the robbery for him to review before the trial date. Defendant claims his counsel was ineffective for failing to file a Wade motion because his mother and friend wished to recant their statements to police, and counsel failed to communicate with these witnesses regarding their recantation. Finally, defendant claims his attorney was ineffective for failing to present character evidence at his sentencing.

A-4737-16T4

## II.

We have reviewed defendant's claims and find them to lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). There is no evidence in the record showing defense counsel guaranteed defendant a ten-year sentence. The judge clearly explained to defendant his sentence exposure could exceed ten years.

The transcript of the pre-trial conference demonstrates all discovery had been provided to defendant. Despite this, defendant's claim the DVD of the robbery was crucial discovery is unavailing, because he had already been identified by a victim eyewitness and by his mother, who had viewed the DVD. Additionally, a Wade motion would have been fruitless because it was defendant's mother and friend who identified him from the surveillance video. There is no evidence to suggest the identification was "impermissibly suggestive" or that defendant's own mother would misidentify him. Furthermore, no statements were submitted from either witness to establish they had recanted their statements identifying defendant before defendant's plea. Moreover, the victim had identified defendant, and her testimony was clear and unwavering.

There is no indication defendant would have received a better sentence had defense counsel adduced character evidence at the sentencing hearing. Indeed, because of the nature of defendant's offense, and his extensive criminal history, he faced a sentence in excess of one-hundred and sixteen years. The State recommended ten years, and defendant received a slightly greater sentence than the recommendation.

For these reasons, defendant's claims do not meet either <u>Strickland</u> prong. As a result, he did not establish a prima facie case of ineffective assistance of counsel or the right to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4737-16T4